UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Clement David King, | Case No. 21-cv-1191 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Merrick B. Garland, U.S.A.G.; Michael Carvajal, Dir. Of Bur. of Prisons; S. Kallis, Warden, FMC Rochester; Chad Orum, Work Cadre Unit Manager, FMC Rochester; Dr. M. Klein, Chief of Psychology, FMC Rochester; Dr. Lucas, Psychologist, FMC Rochester; J. Nerstad, Former Correctional Systems Specialist, FMC Rochester; and Lt. Gilbertson, Property Lieutenant, FMC Rochester, | |
| Defendants. | |

Plaintiff Clement David King, a federal prisoner, alleges that prison officials wrongfully seized photographs in his possession, deemed some of those photographs to be pornographic contraband, and subjected him to disciplinary proceedings. One result of the disciplinary proceedings (which ended adversely for King) was that King's security level was increased, making it more likely that he would be transferred to a more restrictive facility than where he then resided. This matter is before the Court on King's motions for a preliminary injunction prohibiting his transfer to another more restrictive prison while this litigation resolving the legality of the prison disciplinary proceedings remains pending. *See* ECF Nos. 3, 7, & 9.

1

By all indications, these motions have become moot. The inmate locator maintained by the Federal Bureau of Prisons states that King has already been transferred from the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") to the Federal Correctional Institution in Terre Haute, Indiana ("FCI-Terre Haute"). The Court cannot enjoin a transfer that has already taken place. Accordingly, the motions should be denied on that basis. *See Bacon v. Neer*, 631 F.3d 875, 877 (8th Cir. 2011) (finding that appeal of order denying preliminary injunction is moot where action sought to be enjoined has already taken place); *Whitely v. Flagstar Bank, FSB*, No. 4:17-CV-2075 (HEA), 2018 WL 465789, at *3 (E.D. Mo. Jan. 17, 2018) (noting that because the foreclosure sale that the plaintiff had sought to enjoin had already occurred, the motions for an injunction had become moot).

Even if the motions for preliminary injunctive relief had not become moot, however, this Court would have recommended denying the motions. The crux of King's argument for injunctive relief is that the procedures employed during the disciplinary proceedings did not comport with due process and that any sanctions imposed as a result of those disciplinary proceedings should therefore be invalidated. King further argues that, in the absence of those proceedings, he would not be subject to a higher security classification and therefore would not be at risk of transfer to a more restrictive facility. King, however, does not have a protected liberty interest in being detained at any particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 248 (1983). Nor does a transfer of a prisoner to more restrictive living arrangements implicate a liberty interest protected by the due-process clause, so long as those living arrangements do not amount to an "atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). And the Federal Bureau of Prisons has been granted extraordinarily broad discretion in deciding where to house inmates within its care. *See* 18 U.S.C. § 3621(b). Put another way, King has not established that his transfer away from FMC-Rochester would be unlawful *even if it is true* that the disciplinary proceedings were legally deficient in some way.

Because King did not have a protected liberty interest in remaining at FMC-Rochester, an injunction prohibiting his transfer from that facility would not have been an appropriate remedy. In any event, because the transfer of King to FCI Terre-Haute has already occurred, it is recommended that King's motions for an injunction be denied as moot.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the motions for a preliminary injunction of plaintiff Clement David King, ECF Nos. 3, 7, & 9, be **DENIED AS MOOT**.

Date: June __30__, 2021                               _s/ Tony N. Leung_
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota

                                                      *King v. Garland et al.*
                                                      Case No. 21-cv-1191 (DSD/TNL)

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).